■ In the Matter of the Claim of WILFRED VANN, Respondent, v. WAGGAMAN AND COLLYER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board which denied an application for a review of a Referee's decision and an application to reopen the case. Claimant sustained compensable accidental injuries on January 10, 1948. Compensation was paid at the maximum rate of $28, based on an average weekly wage of $95.19 and a finding of 50% disability. In his claim for compensation claimant asserted that his wage was $16.50 per day for six days per week. He testified to the same thing. Substantial evidence, therefore, justifies the finding of his average weekly wage. The

record discloses that at all of the earlier hearings no objections were made by the carrier to the determination of the average weekly wage, and, in fact, the record indicates acquiescence in the finding. On September 18, 1951 claimant was found to be permanently partially disabled and compensation was continued at $28 "until proof of a change in condition and claim is reopened by the Board." On review this decision was affirmed by a board panel, and no appeal was taken therefrom. The last award was made on November 17, 1959, for a period from September 17, 1958 to the date of the hearing at the same rate which had prevailed over the years, the Referee finding that no "evidence of change in condition" had been adduced. Appellants then applied for a review and for a reopening. The application was denied and this appeal is from that denial. The board noted in its decision: "After examination of the record the Board finds that the carrier has accepted an average weekly wage of $95.19 and acquiesced in the statement as to understanding that the average weekly wage was $95.19; that the evidence the carrier is seeking to present does not represent any new information; and that the medical evidence does not show any change in condition." Adequate evidence supports the decision and, under the circumstances here, the discretionary refusal to reopen may not be said to be arbitrary. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.